UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

GARLAND J. WHALEY, SR.,        )
                               )
         Petitioner,           )
v.                             )     No. 2:09-cv-108-WTL-JMS
                               )
SUPERINTENDENT,                )
                               )
         Respondent.           )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Garland Whaley, Sr. ("Whaley") for a writ of habeas corpus must be **denied.**

**Background**

Whaley was convicted in an Indiana state court of dealing in cocaine, criminal recklessness, resisting law enforcement, and adjudication as an habitual offender. *Whaley v. State,* 843 N.E.2d 1 (Ind. Ct. App. 2006). The trial court's denial of Whaley's petition for post-conviction relief was affirmed on appeal in *Whaley v. State,* 2008 WL 5352925 (Ind. Ct. App. Dec. 24, 2008).

Whaley now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His contention is that he was denied the effective assistance of counsel at trial–based on several specifications of substandard performance–and that the evidence was insufficient as to certain offenses, that certain convictions and sentences violate principles prohibiting double jeopardy, and that the trial court erred in imposing an enhanced sentence. The ineffective assistance of counsel claim was presented in Whaley's action for post-conviction relief, while the other claims were presented in his direct appeal.

**Discussion**

"A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition here is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561. As to the unreasonable application prong of § 2254(d)(1), "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone,* 535 U.S. 685, 694 (2002). In examining a habeas petition such as Whaley presents here, the court is required to deny the writ

> so long as the [state courts] "*t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions.*"

*Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(quoting *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added in *Murrell*). In addition,

> [a] petitioner can also attack a state court's adjudication on the grounds that it is based 'on an unreasonable determination of the facts,' but such attacks are accompanied by a rigorous burden of proof: state court factual findings are presumed to be correct unless the petitioner rebuts the presumption with 'clear and convincing' evidence. [28 U.S.C.] § 2254(e)(1) . . . .

*Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999).

It is thus quite evident that the scope of federal habeas review is now narrower than formerly. "The upshot of all of this is that federal review is now severely restricted; the fact that [a federal habeas court] may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little." *Id.*

Here, as to each of the habeas claims fairly presented to the Indiana state courts or otherwise properly available for federal habeas review, and in each instance, the Indiana Court of Appeals recognized and identified the governing standard, as determined by the Supreme Court of the United States, and "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola,* 224 F.3d at 591. Because the Indiana Court of Appeals did so, Whaley's habeas claims do not support the relief he seeks here. *Murrell,* 332 F.3d at 1111 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). This is true as to the specifications of ineffective assistance of counsel, challenges to the sufficiency of the evidence, claims of double jeopardy violations, and claims of sentencing error.

## Conclusion

This court has carefully reviewed the state record in light of Whaley's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Whaley to relief in this case. Whaley's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana